IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| CASES FILED BY | § |
| RECORDING COMPANIES | § |

## ORDER

Before the Court are Plaintiffs' Application for Leave to Take Immediate Discovery, filed July 2, 2008 (Clerk's Dkt. #5); and Memorandum of Law in Support of Application for Leave to Take Immediate Discovery, filed July 2, 2008 (Clerk's Dkt. #6). The motion was referred to United States Magistrate Judge Robert Pitman for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Plaintiffs are companies holding copyrights for numerous sound recordings. (Compl. ¶ 11). They have filed thirty two separate actions against individual Doe Defendants, alleging each defendant has, without permission, used an online media distribution system to download, distribute to the public, and/or make available for distribution to others, various copyrighted sound recordings. (*Id.* ¶ 13). Plaintiffs contend these actions constitute copyright infringement, entitling them to damages from the defendants. (*Id.* ¶¶ 15-17).

Plaintiffs now seek expedited discovery from a third party for the purpose of identifying the individual Doe Defendants. Specifically, they wish to issue a Rule 45 subpoena to the University of Texas ("UT"), an Internet Service Provider ("ISP"). Plaintiffs request permission to obtain the name, address, phone number(s), e-mail address(es) and Media Access Control address(es) for each defendant, because they believe he or she is offering copyrighted sound recordings for download over the Internet.[1]

---

[1] Pursuant to a previous court order, Plaintiffs have filed a single, "lead" application, in cause number A-08-CA-433 SS. Referenced in the lead application are the other thirty one cases in which discovery is sought. Plaintiffs have also filed separate short applications in each of the individual cases.

A party is generally not entitled to seek discovery from any source prior to a Rule 26(f) conference with the opposing parties. FED. R. CIV. P. 26(d). Early discovery may, however, be authorized by court order upon a showing of good cause. *Qwest Comms. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001); *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

According to Plaintiffs, they have no means of identifying the Doe Defendants without the requested discovery. In support of their motion, Plaintiffs have submitted a declaration from Carlos Linares ("Linares"), Vice President, Anti-Piracy Legal Affairs for the Recording Industry Association of America, Inc. ("RIAA"). Linares avers that the RIAA has retained a third party investigator downloaded and listened to a sample of music files offered for download on a P2P network by Defendant.[2] (Linares Decl. ¶¶ 11-14). The RIAA, in turn, reviews a listing of the music files offered for download and listens to the downloaded music files. As a result, the RIAA has a record of the recordings offered for download, the date and time the infringing activity was observed, as well as the Internet Protocol ("IP") address assigned to Defendant at the time. (*Id*. ¶¶ 15, 18-19).

According to Linares, the IP address, in combination with publicly available databases, allowed the RIAA to determine the ISP used by each Doe Defendant. (*Id*. ¶ 18). In this case, the RIAA determined the ISP for the individual defendants was UT. (*Id*.). Linares maintains the RIAA is unable to make any further specific identification because an ISP owns a range of IP addresses, but assigns a specific address only when that subscriber actually goes online. (*Id*. ¶ 16-19 & n.1).

Plaintiffs should be afforded the opportunity to obtain discovery relevant to the identification of defendants they contend are liable to them. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163

---

[2] A P2P, or peer to peer, network allows individuals with a personal computer and access to the internet to offer digital copies of recordings for download by other users. These programs, such as KaZaA, Morpheus, Grokster, and eDonkey, allow an Internet user to directly search the .mp3 file libraries of other users. Thus, no specific web site is involved, or subject to liability. *Recording Industry Ass'n v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1231-32 (D.C. Cir. 2003).

(9th Cir. 1999) (dismissal of action against unnamed defendant not required as identity might be ascertained through discovery); *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (dismissal for want of prosecution improper where plaintiff not permitted to conduct discovery to identify defendant).  *See also Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 351-52 (5th Cir. 1989) (complaint should not be dismissed for failure to demonstrate standing without providing plaintiff opportunity to supply more supportive facts).  As they point out, without identification of the Doe Defendants, the type of conference contemplated under Rule 26(f) is impossible.  Thus, they have established good cause for the necessity of engaging in discovery at this early stage of the proceedings.

Accordingly, Plaintiffs' Application for Leave to Take Immediate Discovery (Clerk's Dkt. #5) is hereby **GRANTED**.  Plaintiffs may serve immediate discovery on UT to obtain the identity of the individual Doe Defendants in each of the cases identified in Appendix A attached to this order by serving a Rule 45 subpoena that seeks information sufficient to identify the defendant, that is, the name, address, telephone number, e-mail address and Media Access Control address for him/her.  The disclosure of this information is governed by the provisions of 47 U.S.C. § 511(c)(2)(B).  Any information disclosed to Plaintiffs in response to the subpoena may be used solely for the purpose of protecting Plaintiff's rights under the Copyright Act.  UT's compliance with this subpoena is consistent with its obligations under the Family Education Rights and Privacy Act, 20 U.S.C. § 1232(g).

SIGNED this 3rd day of July, 2008.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE